UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 2012-cv-23917

HARVEY RUVIN AS CLERK
OF THE COURTS FOR MIAMI-DADE
COUNTY, FLORIDA, and on behalf of
all others similarly situated,

       Plaintiff,

  v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION a/k/a FANNIE MAE, a
federally chartered corporation; FEDERAL
HOME LOAN MORTGAGE COPORATION
a/k/a FREDDIE MAC, a federally chartered
corporation; and FEDERAL HOUSING
FINANCE AGENCY AS CONSERVATOR
FOR FANNIE MAE AND FREDDIE MAC,

       Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiff HARVEY RUVIN AS CLERK OF THE COURTS FOR MIAMI-DADE COUNTY, FLORIDA, on behalf of Miami-Dade County, Florida and all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, brings this Complaint against FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE; FEDERAL HOME LOAN MORTGAGE COPORATION a/k/a FREDDIE MAC; and FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR FANNIE MAE AND FREDDIE MAC (collectively, "Defendants"), and alleges the following upon information and

belief after due investigation, except as to those allegations concerning Plaintiff, which are alleged based upon personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action asserting claims for unpaid real estate transfer taxes under Florida law.  Plaintiffs seek to recover from Defendants the benefits they received by wrongfully and unjustly claiming an exemption from paying transfer taxes on the privilege of transferring real property in Miami-Dade County and other counties in Florida.  Plaintiffs seek to recover the money rightfully due and owing to them.  Plaintiffs also seek declaratory and injunctive relief to prevent Defendants from claiming an exemption to which they are not lawfully entitled.

## PARTIES

2.     Plaintiff Harvey Ruvin, as Clerk of the Courts for Miami-Dade County, Florida, is the County Clerk and County Recorder in and for Miami-Dade County, Florida.

3.     Defendant Federal National Mortgage Association ("Fannie Mae") is a federally chartered, private corporation with its principal place of business in Washington, D.C.

4.     Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a federally chartered, private corporation with its principal place of business in McLean, Virginia.

5.     Defendant Federal Housing Finance Agency ("FHFA") is an agency of the United States with its principal place of business in Washington, D.C.

## JURISDICTION & VENUE

6.     The parties are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).   This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331, as this case requires the interpretation of federal law in order to adjudicate Plaintiff's state law claims. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

8. Defendants have at all times relevant to this litigation conducted business in Miami-Dade County, Florida and throughout the State of Florida, and are subject to the jurisdiction of this Court.

9. Plaintiff is located in this judicial district and Plaintiff's claims arise out of Defendants' activities in this District.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial amount of the Defendants' complained of improper conduct occurred in this District.

## FACTUAL ALLEGATIONS

### A. The Florida Transfer Tax

11. Section 201.02(1)(a), Florida Statutes, imposes a tax on documents – often referred to as a Documentary Stamps Tax – that transfer an interest in Florida real property (the "Transfer Tax"):

> On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his or her direction, *on each $100 of the consideration therefor the tax shall be 70 cents.* When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.

(emphasis added). *See also* Rule 12B-4.012, Florida Administrative Code.

12. In Miami-Dade County, the Transfer Tax rate is $.60 per $100 (or portion thereof) when the property is a single-family residence. If the property is anything other than a single-family residence, the Transfer Tax rate is $0.60 plus a $0.45 surtax per $100 (or portion thereof).

13. Rule 12B-4.001(a), Florida Administrative Code, provides that "[e]ach County Comptroller, or if there is none, then the Clerk of the Circuit Court of each county . . . shall collect the tax imposed by Chapter 201."

14. Rule 12B-4.002(1)(a), Florida Administrative Code, provides that the Transfer Tax is payable by any of the parties to a taxable transaction. The same subsection further provides: "The parties to the transaction may agree among themselves as to who shall pay the tax, but such agreements do not relieve the others from their liability in the event the agreement is not followed."

15. Rule 12B-4.014(8), Florida Administrative Code, provides that the United States and its agencies are exempt from the Transfer Tax, and that payment of the Transfer Tax is the responsibility of the nonexempt party.

16. The Transfer Tax is customarily paid by the property owner at closing. Thus, where Fannie Mae or Freddie Mac is the property owner and is conveying the property to a purchaser that is not exempt from paying the Transfer Tax, Fannie Mae or Freddie Mac should pay the Transfer Tax.

17. Because Defendants have improperly claimed to be exempt from paying the Transfer Tax, the Florida Department of Revenue has issued guidance providing that where Fannie Mae or Freddie Mac is a party to a document that transfers an interest in Florida real property, the payment of the Transfer Tax is the responsibility of the other party to the document, provided that party is not also exempt.

18. Consequently, through their unlawful conduct, Defendants have avoided paying the Transfer Tax. In many transactions involving Fannie Mae and Freddie Mac, the Transfer Tax has not been paid at all.

**B. Defendants Have Been A Party To Numerous Property Transfers In Miami-Dade County And Throughout Florida And Have Failed To Pay The Transfer Tax.**

19. Congress chartered Fannie Mae and Freddie Mac to "establish secondary market facilities for residential mortgages," to "provide stability in the secondary market for residential mortgages," and "to promote access to mortgage credit throughout the Nation." 12 U.S.C. § 1716. Although, when first established, Fannie Mae and Freddie Mac were federal entities, during the period covered by this Complaint, they were and continue to be private, publicly traded corporations.

20. In 2008, FHFA was created to oversee and regulate Fannie Mae and Freddie Mac. *See* 12 U.S.C. § 4501, *et seq*. On September 6, 2008, the FHFA "succeed[ed] to . . . all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. §§ 4617(b)(2).

21. When a mortgagor becomes delinquent and enters into foreclosure on a Fannie Mae or Freddie Mac mortgage, Fannie Mae or Freddie Mac often takes over ownership of the property and attempt to locate a buyer.

22. However, upon taking ownership of a property and memorializing that transfer of ownership in counties throughout Florida, Fannie Mae and Freddie Mac did not pay the required Transfer Tax.

23. Often times, upon finding a buyer, Fannie Mae or Freddie Mac, whichever took ownership, conveys the property to the buyer and records the deed.

24. Due to the foreclosure crisis in Miami-Dade County and throughout Florida during recent years, Fannie Mae and Freddie Mac have conveyed thousands of foreclosed

properties, and have likewise been conveyed thousands of such properties through the foreclosure process.

25. Fannie Mae and Freddie Mac have therefore been the grantors and grantees in many Florida real estate transactions, having acquired and sold the properties and transferred title and ownership.

26. Defendants have also recorded these real estate transactions with recording officers throughout Florida but have not paid the required Transfer Tax.

27. Fannie Mae and Freddie Mac commonly fail to pay the Transfer Tax based on a claim that they are exempt because they are government entities and therefore not subject to Transfer Tax obligations.

28. On other occasions, Defendants have failed to pay the Transfer Tax based on a claim that they are exempt under federal law.  *See* 12 U.S.C. §§ 1723a(c)(2), 4617(j)(2).

29. The exemptions described above do not apply because Fannie Mae and Freddie Mac, while federally chartered, are private corporations and not government entities.  Moreover, Defendants' exemption from certain direct taxes does not relieve them from having to pay the Transfer Tax, which is an excise tax and not a direct tax.

30. Defendants have failed to pay the Transfer Tax required by Florida law, and thus Plaintiffs seek to be made whole.

31. Defendants have failed to pay similar transfer taxes in states and counties across the country.  Indeed, Defendants have engaged in a nationwide effort to avoid their financial obligations under the various state transfer tax statutes by claiming the same inapplicable exemptions, thereby depriving counties and states throughout the nation of sorely needed revenue.

## **CLASS ACTION ALLEGATIONS**

32.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class defined as follows:

> All recording officers of all Florida counties that have recorded a deed, instrument or other writing whereby any lands, tenements or other real property or any interest therein has been granted, assigned, transferred or otherwise conveyed where Defendants Fannie Mae or Freddie Mac was a party to the transaction and for which no Transfer Tax was paid.

33.     The members of the Class are so numerous that joinder is impracticable. There are sixty-seven counties in Florida, and it is believed that Defendants have illegally avoided the Transfer Tax in each Florida county. The members of the class are so numerous that individual joinder is impracticable under the circumstances of this case.

34.     Plaintiff's claims are typical of the claims of other Class members, as they arise out of the same course of conduct and under the same law and legal theories. Plaintiff is a Clerk acting on behalf of Miami-Dade County and members of the proposed Class are also county clerks operating on behalf of their respective counties. Consequently, the Plaintiff's interests are aligned with those of the other members of the Class. Thus, by proving Plaintiff's own claims, Plaintiff will also prove other class members' claims.

35.     Questions of law and fact are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class. The common issues of law and fact include, but are not limited to, the following:

> a.     whether the Defendants wrongfully claimed to be exempt from the payment of the Transfer Tax under federal law;
>
> b.     whether the Defendants wrongfully claimed to be exempt from the payment of the Transfer Tax under Florida law;

    c.    whether the Class members have been damaged by the Defendants' conduct, specifically, whether the non-payment of the Transfer Taxes led to the Class members receiving less money than they otherwise should have received absent the Defendants' wrongful claim of exemption;

    d.    whether the Defendants were unjustly enriched to the detriment of the Class such that Class members are entitled to restitution;

    e.    whether a claim of quantum meruit is appropriate;

    f.    whether declaratory relief is appropriate; and

    g.    the appropriate class-wide measure of damages.

36.    Plaintiff can and will fairly and adequately represent the interests of the Class and has no interests that are adverse to, conflict with, or are antagonistic to the interests of the Class. Plaintiff understands and appreciates his duties to the Class under Rule 23 of the Federal Rules of Civil Procedure, is determined to discharge those duties diligently, and is committed to protect the rights of absent Class members vigorously. Plaintiff has retained counsel whom are competent and experienced in the prosecution of class action lawsuits and, in particular, such lawsuits on behalf of governmental entities. Plaintiff and counsel have the necessary financial resources to litigate this class action adequately and vigorously.

37.    The questions of law and fact common to the members of the Class, as identified above, predominate over any questions affecting only individual members, including legal and factual issues relating to the Defendants' liability and damages. The claims of Plaintiff and all other Class members arise from the same course of conduct, and Plaintiff and other Class members share the same legal rights.

38. Moreover, Defendants have acted on grounds generally applicable to all the members of the Class, to wit: failing to pay the Transfer Tax imposed by Florida law, thereby making final injunctive relief or declaratory relief benefitting the class as a whole appropriate. Accordingly, this action is maintainable as a class action under Rule 23.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Prosecution as a class action will eliminate the possibility of needlessly repetitious litigation. Separate actions by individual Class members would also create a risk of inconsistent or varying judgments, which could establish incompatible standards of conduct for Defendant and substantially impede or impair the ability of Class members to pursue their claims. There would be enormous efficiencies to the court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. This action presents no difficulties in management that would preclude maintenance as a class action under Rule 23.

## CAUSES OF ACTION

## COUNT I – NON-PAYMENT OF TRANSFER TAXES

40. Plaintiff hereby realleges and incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants Fannie Mae and Freddie Mac have been the grantors and grantees in many real estate transactions in Florida in which they have recorded documents or transfers with the appropriate Florida county, such as Plaintiff herein, and have not paid the appropriate Transfer Tax.

42. Defendants Fannie Mae and Freddie Mac have not paid the Transfer Tax because they have claimed on the face of the documents that they have recorded that the transaction is exempt from the Transfer Tax. They sometimes claim the transaction is exempt because they are government entities and, under Florida law, government entities are exempt. Other times, they claim that they are exempt pursuant to federal statute. Evidence of the allegations set forth herein are public records possessed by the Plaintiff and other Class members, as well as Defendants.

43. None of Defendants' claimed exemptions apply. Defendants Fannie Mae and Freddie Mac are federally chartered, private corporations and not government entities. Defendants' federal law exemption from certain taxes does not apply to excise taxes, such as the Transfer Tax at issue here.

44. Defendants Fannie Mae and Freddie Mac have failed to pay the Transfer Tax as required by Florida law. As a proximate result, Plaintiff has been damaged. Among other things, Plaintiff is entitled to the Transfer Tax that should have been paid and interest for failure to pay the Transfer Tax pursuant to Florida law.

45. The claim by Defendants Fannie Mae and Freddie Mac that they are exempt from the Transfer Tax was negligent, intentional, wanton, and/or intended to defraud the Plaintiff, and as such, Plaintiff is entitled to any penalties and interest prescribed under Florida law.

46. Defendant FHFA is the Conservator of Defendants Fannie Mae and Freddie Mac. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiff seeks judgment against FHFA.

### COUNT II – UNJUST ENRICHMENT

47. Plaintiff hereby realleges and incorporates Paragraphs 1 through 39 as though

fully set forth herein.

48. Based upon Defendants' wrongful conduct, Plaintiff seeks to recover, at law, monies held by Defendants that belong to Plaintiff and the Class in equity and good conscience.

49. Where benefits have been received and retained under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving the benefits to pay their reasonable value.

50. The circumstances are such that it is inequitable and unjust for the Defendants to retain the benefit of the privilege of recording documents that transfer interest in real property without paying the Transfer Tax for such use as required by law. Plaintiff seeks compensation for the benefits unjustly received by the Defendants in addition to interest, attorneys' fees and costs, and exemplary damages as allowed by law and equity.

51. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against FHFA.

## COUNT III – QUANTUM MERUIT

52. Plaintiff hereby realleges and incorporates Paragraphs 1 through 39 as though fully set forth herein.

53. Plaintiff performed valuable services for the Defendants by recording deeds and other documents that transfer an interest in real property in Florida.

54. Defendants requested that the Plaintiff render these valuable services and knowingly accepted the benefits of recording their documents, including the ability to represent that they had priority on deeds.

55. Defendants' failure to compensate the Plaintiff for these valuable services is unjust in that the Defendants enjoyed the valuable services and benefits provided by

Plaintiff without paying the Transfer Tax in exchange for such use as required by law.

56. Plaintiff expected compensation at the time he rendered the service to the Defendants but for the Defendants' unlawful claims of exemption from payment of compensation for the service.

57. Plaintiff now seeks payment of the compensation falsely withheld in addition to interest, attorneys' fees and costs, and exemplary damages as allowed by law and equity.

58. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against FHFA.

## COUNT IV – DECLARATORY JUDGMENT

59. Plaintiff hereby realleges and incorporates Paragraphs 1 through 39 as though fully set forth herein.

60. There is an actual controversy between the Plaintiff and the Class and the Defendants because Defendants claim they are exempt from the payment of Transfer Taxes.

61. It is in the public interest to have the rights of the parties with regards to the payment of the Transfer Tax determined because the declaratory judgment will terminate and afford relief from uncertainty, insecurity and controversy giving rise to this proceeding. Indeed, absent declaratory relief, Defendants will continue to avoid the payment of Transfer Taxes.

62. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks to obtain a non-pecuniary benefit for the Plaintiff and the Class in the form of a declaratory judgment that the Defendants are not exempt from payment of Transfer Taxes under state and/or federal law. Counsel for the Plaintiff are entitled to recover their reasonable attorneys' fees and expenses as a result of the conferral of a non-pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

63. Plaintiff and the Class are also entitled to further relief under 28 U.S.C. § 2202, including payment to them of the Transfer Taxes not paid by Defendants, together with any statutory penalties and interest. Such relief is necessary and proper to the declaratory relief sought.

64. All conditions precedent to this cause of action have occurred, have been satisfied, or have been waived.

65. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiff seeks judgment against FHFA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of itself and the Class:

A. That the Court certify the matter as a class action pursuant to the provisions of subsection (b)(2) and/or (b)(3) of Rule 23 and order that notice be provided to all class members;

B. That the Court enter judgment declaring that the practices complained of herein are in violation of law and that Defendants are subject to payment of the Transfer Taxes and are not exempt therefrom;

C. That the Court enter judgment enjoining the Defendants from engaging in the practice complained of herein, to wit, claiming exemption for Transfer Taxes as governmental entities;

D. That the Court enter judgment awarding the Plaintiff and the Class damages equal to the unpaid Transfer Taxes, plus any applicable statutory interest and penalties;

E. That the Court enter judgment awarding the Plaintiff and the Class prejudgment interest and reasonable attorney's fees and costs; and

*Harvey Ruvin v. Fannie Mae, et al.*

  F.  That the Court orders such further relief as is equitable and just.

## JURY TRIAL DEMAND

Plaintiff hereby requests, on behalf of itself and the proposed Class, that a jury decide all factual issues in this case.

Date:   October 29, 2012         Respectfully Submitted,


              s/Adam M. Schachter
              ADAM M. SCHACHTER
              Florida Bar No. 647101
              aschachter@gsgpa.com
              DAN GELBER
              Florida Bar No. 512877
              dan@gsgpa.com
              GERALD E. GREENBERG
              Florida Bar No. 440094
              ggreenberg@gsgpa.com
              GELBER SCHACHTER & GREENBERG, P.A.
              1441 Brickell Avenue
              Suite 1420
              Miami, Florida 33131
              Telephone: (305) 728-0950
              Facsimile: (305) 728-0951


              BRYAN CLOBES (*pro hac vice pending*)
              bclobes@caffertyclobes.com
              CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
              1101 Market Street, Suite 2650
              Philadelphia, PA 19107
              Telephone: (215) 864-2800
              Facsimile: (215) 864-2810

              *Attorneys for Plaintiff*